IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LETCHER L. McKENNEY, II,**

        **Petitioner,**

     **v.**                                           **CIVIL ACTION NO. 5:16cv121**

**PATRICK MIRANDY, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On August 1, 2016, Letcher L. McKenney II ("Petitioner") filed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Docket No. 1). On August 16, 2016, Petitioner was granted leave to proceed *in forma pauperis*. This matter is now pending before the undersigned for initial review and report and recommendation.

### II. Facts

*A. Conviction*

On March 19, 2008, Petitioner entered a guilty plea in the Circuit Court of Barbour County to one count of Sexual Abuse by a Guardian or Custodian and three counts of Third Degree Sexual Assault. ECF No. 1-9 at 4. On September 3, 2008, Petitioner was sentenced to ten to twenty years in prison for sexual abuse and one to five years on each of the three sexual assault charges for a total potential sentence of thirteen to thirty-five years. ECF Nos. 1 at 1, 1-9 at 4. Petitioner did not file a direct appeal. ECF No. 1 at 2.

*B. State Habeas Corpus*

Petitioner filed a *pro se* Writ of Habeas Corpus in the Barbour County Circuit Court on July

12, 2013. ECF No. 1-2 at 4. Petitioner was assigned counsel for purposes of perfection on August 28, 2013. Id.  A LOSH checklist was completed on March 21, 2014. Id. Petitioner alleges that he raised the following grounds for relief:

    (1)     Coerced Confession by Trial Counsel;

    (2)     Incorrect Statement in Pre-Investigation;

    (3)     Denial of Transcripts to perfect Habeas Corpus;

    (4)     Failure of Trial Counsel to File Direct Appeal;

    (5)     Ineffective Assistance of Counsel;

    (6)     Refusal to Subpoena Witnesses;

    (7)     Question of Actual Guilt;

    (8)     Excessive Sentencing; and

    (9)     Mistaken Advice of Counsel as to a Parole or Probation Eligibility.

ECF No. 1 at 3.  An omnibus hearing was conducted on April 8, 2016, and on May 6, 2016, an Order was entered denying the petition except that his supervised release was reduced to the minimum period of ten years from the previously imposed twenty-five years. ECF No. 1-9 at 2-5. Petitioner has not filed an appeal of the Circuit Court's denial of his habeas petition.[1]

---

[1] On February 19, 2013, Petitioner filed a motion for production of documents in order to file a habeas petition. ECF No. 1-4 at 2. On February 22, 2013, that motion was denied. ECF No. 1-5 at 2. On June 21, 2013, Petitioner filed a petition for writ of mandamus in the Circuit Court of Barbour County seeking an order directing the Circuit Clerk to provide him with various documents. It is not clear whether the Circuit Court ruled on the mandamus. However, on May 23, 2016, Petitioner filed a petition for writ of mandamus with the West Virginia Supreme Court of Appeals ('WVSCA") apparently seeking an order for transcripts. By Order entered on June 16, 2016, the mandamus was not docketed. ECF No. 1-7.  Finally, Petitioner filed a Writ of Mandamus with the Circuit Court of Barbour County asking that he be released from custody for the Court's failure to timely provide transcripts to perfect a case of defense." ECF No. 1-8 at 2.  That petition was denied on July 16, 2016. ECF No. 1-8.  The WVSCA has no record of any appeal from the denial of Petitioner's state habeas as verified by the pro se law clerk assigned to this matter.

*C. Federal Habeas Corpus*

Petitioner raises six (6) grounds for relief in his petition:

(1) Denial of transcripts to perfect a habeas corpus;

(2) Ineffective assistance of counsel;

(3) Coerced confession;

(4) Competency to stand trial;

(5) Excessive sentencing;

(6) Denial of fair hearing by trial judge who demonstrated bias during trial and in post trial actions.

For relief, Petitioner asks that "Sentencing be made null and void as prescribed in the Federal Constitution as well as the State of West Virginia Constitution, for the violations of due process and equal protection." ECF No. 1 at 17.

### III. Analysis

*A. Timeliness*

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d). Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

>made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir.2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

The day of the event from which the statute of limitations begins to run is excluded in calculating the one year period. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Id. at 327. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

Petitioner does not assert that the Government impeded the filing of his §2254 petition, that the Supreme Court created a newly recognized constitutional right which was made retroactive or that there are newly discovered facts. Therefore, the date on which his judgment became final is relevant in determining the statute of limitations.

In this case, judgment was entered against Petitioner by the Circuit Court of Barbour County on September 3, 2008. Petitioner did not appeal his conviction and sentence. Thus, for purposes of the AEDPA, Petitioner's sentence became final at the expiration of the time for seeking direct review,

or January 3, 2009.[2] His one-year federal habeas limitation period therefore began running the next day, January 4, 2009.[3] See Hernandez v. Caldwell, 225 F.3d 435, 539 (4th Cir. 2000). Accordingly, Petitioner had until January 4, 2010, to timely file his federal habeas petition. Nevertheless, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).

Petitioner's state habeas petition filed on July 12, 2013, could not toll the one-year limitations period as there was nothing left to toll at that time. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state court petition filed after the expiration of the limitations period "cannot toll that period because there is no period remaining to be tolled"). Consequently, Petitioner filed his petition more than **four (4) years, six (6) months** after the statute of limitations under § 2244 (d)(1)(A) expired.[4]

---

[2]Pursuant to 28 U.S.C. § 2244(d)(1)(A), the statute of limitations begins to run one year after the judgment becomes final. A judgement becomes final: (1) when the opportunity to appeal the district court's judgment expires; (2) "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction;" or (3) when the United States Supreme Court denies certiorari. United States v. Clay, 537 U.S. 522, 524-25, 32 (2003). Pursuant to Rule 5(f) of the W.Va. Rules of Appellate Procedure, a litigant has four months from ate of entry of the Circuit Court judgment in a criminal or civil case to perfect an appeal with the Clerk of the WVSCA..

[3]Because the petitioner did not file a direct appeal, it is axiomatic that he is not entitled to an additional 90 days to file a writ of certiorari with the United States Supreme Court.

[4] The undersigned recognizes that Petitioner filed a Motion for Resentence and Reinstatement of Appeal Right on October 13, 2011, which was denied on October 17, 2011. ECF No. 1-3. In Wall v. Kholi, 131 S.Ct. 1278 (2011), the Court ruled that the one-year ADEPA clock stops running while a motion for sentence reduction is pending. Even assuming that this ruling would apply to Petitioner's motion, the one-year period had already expired. Likewise, Petitioner filed a Motion for Resentencing on February 27, 2013, seeking credit for time served, which was granted in part and denied in part on April 16, 2013. While it could be argued that this was another tolling event, again, the one year period already had expired.

"When a federal habeas court, prior to trial, perceives a *pro se* § 2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation that it is timely based on equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1)." Hill v. Braxton, 277 F.3d at 707. Accordingly, Petitioner is hereby notified that his section 2254 action will be dismissed as untimely, unless he can demonstrate within the objection period described below, that his petition can be salvaged by § 2244(d)(1) or the principle of equitable tolling.[5]

## B. Exhaustion

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. §2254(b). Therefore, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). Concerns of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See Duncan v. Henry, 513 U.S. 364, 365 (1995); see also Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992) (comity requires that the State be given the first opportunity to address and resolve the merits of an inmate's claims).

To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presents to the state courts the substance

---

[5] Petitioner is further advised that even if he can demonstrate that his petition can be salvaged by § 2241(d)(1) or the principles of equitable tolling, this report and recommendation also recommends dismissal based on his failure to exhaust his state remedies.

of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. at 32; see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court,[6] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is the petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.

Here, if the Court were to deem Petitioner's § 2254 timely, it is clearly not exhausted. The

---

[6] Picard v. Connor, 404 U.S. 270 (1971).

Petitioner did not file a direct appeal. While he did file a habeas petition in the Circuit Court of Barbour County, he did not appeal the denial of his habeas petition to the WVSCA. Therefore, the undersigned finds that the Petitioner's claims are not exhausted. Thus, it is inappropriate for this Court to entertain the Petitioner's federal habeas petition because it is unexhausted.

## IV. Recommendation

For the foregoing reasons, it is recommended that the petition of Letcher L. McKenney, II, filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED** because it is untimely and unexhausted.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to mail a copy of this Recommendation to Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet..

DATED: September 28, 2016.

/s Michael John Aloi

**MICHAEL JOHN ALOI**
**UNITED STATES MAGISTRATE JUDGE**