IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LETCHER L. McKENNEY, II,

    Plaintiff,

v.                                          Civil Action No. 5:16CV121
                                                        (STAMP)

PATRICK MIRANDY, Warden,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**
**DENYING AND DISMISSING PLAINTIFF'S PETITION**

I.   Background

The pro se[1] petitioner, an inmate at Saint Marys Correctional Center, filed this petition for habeas corpus under 28 U.S.C. § 2254 challenging decisions made by the Circuit Court of Barbour County, West Virginia. ECF No. 1. The petitioner entered a guilty plea in that court to one count of sexual abuse by a guardian or custodian and three counts of third degree sexual assault, and was sentenced to a total of 13 to 35 years. ECF No. 1 at 2.

In his amended petition for habeas corpus, the petitioner raises six ground for relief. The grounds for relief are as follows: (1) denial of motion for production of documents needed to perfect habeas corpus claim; (2) ineffective assistance of counsel, including forcing petitioner to enter a guilty plea; (3)

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

that he was questioned by police after requesting counsel and was coerced into a confession; (4) questions as to his competency to stand trial; (5) that prior to entering a guilty plea, his attorney had not properly advised him as to the length of a potential sentence or about supervised release;[2] and (6) bias on the part of the trial judge.  ECF No. 6 at 6-19.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation 2, this case was referred to United States Magistrate Judge Michael John Aloi.  The magistrate judge then entered a report and recommendation.  ECF No. 12.  In that recommendation, the magistrate judge recommended that the petitioner's § 2254 petition be denied and dismissed because it is untimely and because the petitioner has not exhausted his state remedies.  ECF No. 12 at 8.  In finding the petition untimely, the magistrate judge noted that, under the Anti-Terrorism and Effective Death Penalty Act of 1996, the petitioner had until January 4, 2010 to either file a habeas corpus petition or to otherwise toll the statute of limitations.  ECF No. 12 at 3, 5.  The petitioner filed a state habeas corpus petition on July 12, 2013.  ECF No. 1-2 at 4.  The petitioner filed the instant petition on August 1, 2016.  ECF No. 1.  Thus, the magistrate judge found that the petitioner did not timely file a petition or provide evidence that would

---

[2]This claim is unclear; the magistrate judge interpreted this to instead mean the petitioner was raising the issue of excessive sentencing.  ECF No. 12 at 3.

constitute equitable tolling or other circumstances set forth in 28 U.S.C. § 2244(d)(1).

Further, the magistrate judge found that, even if the petition were deemed timely, the petitioner has not exhausted his state remedies. ECF No. 12 at 7. The petitioner did not directly appeal his conviction and sentence, nor did he appeal the denial of his state habeas corpus petition. ECF No. 12 at 7-8.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. Neither party filed any objections to the report and recommendation.

For the reasons set forth below, the report and recommendation of the magistrate judge is affirmed and adopted, and, accordingly, the amended petition is denied and dismissed.

II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it,

the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

III. Discussion

After reviewing the parties' filings and the record, this Court is not "left with the definite and firm conviction that a mistake has been committed" by the magistrate judge. United States v. Gypsum Co., 333 U.S. at 395. The magistrate judge correctly held the pro se petition to less stringent standards than those complaints drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the magistrate judge correctly determined that the petition was not timely filed.

A petitioner has one year to file a federal habeas corpus petition. 28 U.S.C. § 2244(d). In particular, that one-year limitation period runs from the latest of the following dates: (1) when the petitioner's judgment became final; (2) when the State action that prevented the petitioner from filing his or her petition was removed; (3) the date on which the Supreme Court of the United States recognized a new constitutional right and makes that right retroactively applicable on collateral review; or (4) "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(A-D). Here, the magistrate judge correctly found that the limitation period began on January 4,

2010, one year after the petitioner's judgment became final.  ECF No. 12 at 4.  Thus, the petition, filed on August 1, 2016, is not timely.

Further, this Court agrees with the magistrate judge that even if the petition were deemed timely, the petitioner has not exhausted state remedies.  ECF No. 12 at 7.  In order to exhaust state remedies, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  Because the petitioner did not appeal his conviction or the denial of his state habeas corpus petition, he has not exhausted state remedies.  Thus, this court will not entertain petitioner's federal habeas petition.

Therefore, this Court finds that the findings of the magistrate are not clearly erroneous.  Accordingly, the report and recommendation is affirmed and adopted in its entirety.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 12) is AFFIRMED and ADOPTED.  Accordingly, the plaintiff's petition (ECF No. 6) is hereby DENIED.  Further, it is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: May 23, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE